**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stuart Steinke,<br><br>        Plaintiff,<br><br>v.<br><br>SafeGuard World International LLC,<br><br>        Defendant. | No. CV-16-03491-PHX-DLR<br><br>**ORDER** |

      Plaintiff Stuart Steinke worked as a Regional Sales Manager for Defendant SafeGuard World International LLC (SafeGaurd) from October 2014 until he was terminated in February 2016. The offer letter SafeGaurd sent to Steinke stated that, in addition to his $105,000 annual salary, Steinke would "be paid a guaranteed commission of $1,500 each month for [his] first full 5 months." After 6 months, Steinke would "be expected to start repaying 50% of [his] commission back to the company at a minimum rate of $500 per month," regardless of whether Steinke was actually earning commissions after that point. Further, the offer letter explained that "commissions will be paid on the first years sales order value commensurate with the [2014 fiscal year] Sales Incentive Plan[.]" Steinke alleges that he made approximately $3.2 million in qualifying sales over the course of his employment, and that SafeGuard still owes him approximately $60,000 in unpaid commissions.

      At issue is SafeGuard's Motion to Dismiss Steinke's Second Amended Complaint,

which asserts claims for breach of contract and violations of Arizona wage laws. (Doc. 32.) The motion is fully briefed and neither party requested oral argument. For the following reasons, the motion is denied.

**I. Legal Standard**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

**II. Discussion**

SafeGuard contends that Steinke has not sufficiently alleged a breach of contract claim. Although SafeGuard does not discuss Steinke's statutory claim, it nonetheless requests complete rather than partial dismissal. The Court understands SafeGuard's position to be that Steinke cannot plausibly allege a violation of wage payment laws if he cannot also plausibly allege that he is owed unpaid commissions under his breach of contract claim. Accordingly, the Court will limit it discussion to Steinke's breach of contact allegations.

To state a plausible breach of contract claim, a plaintiff must allege (1) the existence of a contract, (2) a breach of that contract, and (3) resulting damages. *Thunderbird Metallurgical, Inc. v. Ariz. Testing Labs.*, 423 P.2d 124, 126 (Ariz. Ct. App. 1967). Steinke has adequately alleged each of these elements.

First, Steinke alleges that the signed offer letter, the 2014 Sales Incentive Plan, and

the parties' course of conduct under those instruments collectively constitute the relevant contract governing his entitlement to commissions. SafeGuard argues that Steinke's claim should be dismissed because his allegations require the Court to speculate about the terms in the contract. The Court disagrees. Steinke attached to his Second Amended Complaint both the terms of the 2014 Sales Incentive Program and the offer letter. The Court need not speculate about the terms contained in these documents. Although the offer letter only details the 2014 incentive figures, it alludes to the possibility of commissions during the following year. Steinke also alleges that SafeGuard continued paying him commissions after December 31, 2014, indicating that the offer letter did not limit commissions to the 2014 fiscal year. Taken together, Steinke as plausibly alleged the existence of a contract to pay commissions beyond 2014.

Second, Steinke alleges that SafeGuard breached this contract by failing to pay him commissions on qualifying sales. SafeGuard contends that Steinke has not sufficiently alleged a breach of contract because he does not detail how and why his sales were made in accordance with the Sales Incentive Plan. The Court disagrees.

Steinke specifies that he grossed approximately $3.2 million in sales that "met the eligibility requirements of the Sales Incentive Program" and "went 'live' per the Sales Incentive Program" prior to his termination. At the pleading stage, Steinke is not required to allege "detailed factual allegations" to state a plausible claim to relief. *Twombly*, 550 U.S. at 555. Steinke has no obligation to identify each and every sale he made while employed, nor is he required to mimic the exact language of the contract or use magic words to describe his sales. SafeGuard is in a better position to obtain its own sales and payroll records, and Steinke has provided sufficient information for SafeGuard to reasonably prepare a response.

Finally, Steinke alleges that he suffered approximately $60,000 in damages due to SafeGuard's breach, and that he is entitled to treble this amount under Arizona's wage laws. Accordingly, taking the well-pled facts as true and construing them in the light most favorable to Steinke, the Second Amended Complaint adequately alleges a claim for

breach of contract.

**IT IS ORDERED** that SafeGuard's Motion to Dismiss (Doc. 32) is **DENIED**.

Dated this 11th day of April, 2017.

Douglas L. Rayes
United States District Judge